**DeWayne A. ROSSER, Petitioner**

v.

**UNITED STATES of America,
Respondent.**

Civil Action No. 96–756.
Criminal No. 91–96.

United States District Court,
W.D. Pennsylvania.

Nov. 13, 1996.

DeWayne A. Rosser, pro se.

## OPINION

COHILL, District Judge.

Before this Court is the defendant's Motion to Vacate Sentence and/or Petition for Relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion will be denied.

## I. FACTS

On November 25, 1990, two police officers arrested Dewayne A. Rosser ("defendant") after witnessing what later was determined to be a sale of cocaine. Incident to the search of the defendant, the police found a pistol in a waist pouch attached to him. The pistol had one round loaded in the chamber and there was also a fully loaded clip of ammunition in the same waist pouch.

On July 13, 1991, a grand jury returned a six count indictment against the defendant, including (1) Count 1, Distribution/Possession with the Intent to Distribute cocaine, and (2) Count 2, Use or Carrying a Firearm during a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1). On July 30, 1991, the defendant entered a plea of not guilty to all six counts. Then, on September 26, 1991, before this Court, the defendant changed his plea to guilty with respect to Counts 1 and 2. Consequently, on December 6, 1991, this Court, pursuant to 18 U.S.C. § 924(c)(1), sentenced the defendant to a 24 month term of imprisonment on Count 1 and a 60 month term of imprisonment on Count 2, to be served consecutively.

## II. DISCUSSION

A motion to vacate can be granted to a prisoner in custody if it is determined that a court's prior sentence was "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. The sentence imposed upon the defendant, which is at issue in this motion, was made pursuant to 18 U.S.C. § 924(c)(1). Under that statute, a 60 month prison term can be imposed upon a person who "during and in relation to any . . . drug trafficking crime . . . uses or *carries* a firearm." (Emphasis added). The defendant contends that the Supreme Court's decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), reinterprets § 924(c)(1) and requires that his sentence be vacated. However, the United States asserts that *Bailey* is not applicable to the facts of this case.

In *Bailey,* two cases were consolidated. The first case involved a defendant stopped by police who, while seizing drugs in the

defendant's car, found a loaded pistol in a bag in the trunk of the car. The second case involved a defendant who had an unloaded gun in a footlocker in a bedroom closet where she also stored drugs. In both cases, the defendants were convicted of "using" a weapon in the commission of a drug trafficking crime. However, the Supreme Court held that the term "using" means "active employment of the firearm," and not mere possession, *Bailey*, —— U.S. at ——, 116 S.Ct. at 505. Otherwise, the Court stated, the term "carries," which is an alternative basis for the charge, would have no role in § 924(c)(1). *Id.* at ——, 116 S.Ct. at 507. Consequently, the Court remanded the cases for consideration of whether the defendants could be convicted under the "carry" prong of the statute. *Id.* at ——, 116 S.Ct. at 509.

Several circuits of the United States Court of Appeals have interpreted *Bailey* in relation to the "use" and "carry" prongs. The Seventh Circuit has held that the *Bailey* holding is inapplicable when interpreting the "carry" prong of 924(c)(1). *United States v. Baker*, 78 F.3d 1241, 1246 (7th Cir.1996). The court stated that a definition of "carry" which requires that the defendant have "a gun on his person" was too narrow. *Id.* at 1247. Instead, the court held that "a defendant who transports a gun on his person or within his reach, available for immediate use" may be convicted under § 924(c)(1). *Id.* Therefore, the defendant's conviction was upheld for carrying a gun in the driver's side console of the car he was driving while transporting drugs, as the weapon was within his reach. *Id.*

The First Circuit has also had occasion to interpret *Bailey* with respect to the "carry" prong of § 924(c)(1). *United States v. Manning*, 79 F.3d 212, 216 (1st Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 147, 136 L.Ed.2d 93 (1996). The court noted that "carry" is "defined as 'to move while supporting (as . . . in one's hands or arms),' 'to move an appreciable distance without dragging,' and 'to bring along to another place.' " *Id.* (citing *Webster's Third New International Dictionary* 343 (1986)). Therefore, the court upheld the conviction of a defendant who was carrying a loaded handgun and pipe bombs in a briefcase along with drugs. *Id.* at 216–17.

Finally, the Second Circuit has also recognized *Bailey*'s distinction between "use" and "carry." *United States v. Giraldo*, 80 F.3d 667, 674–76 (2nd Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 135, 136 L.Ed.2d 83 (1996). Under the "carrying" prong of § 924(c)(1), the court affirmed the conviction of a defendant who knew that a gun was within reach in his car which was being used to transport drugs. *Id.* at 677.

We find the reasoning of these circuits, which note the distinction between "using" and "carrying," convincing. In *Bailey*, the Court distinguished the two terms by stating that "[a] firearm can be carried without being used, e.g., when an offender keeps a gun hidden in his clothing throughout a drug transaction." *Bailey*, —— U.S. at ——, 116 S.Ct. at 507. Furthermore, the Court recognized that "carrying" a weapon (as opposed to "using" one) was a separate, alternative method of imposing liability under § 924(c)(1). *Id.*

Although we do not decide the extent to which the weapon must be within the defendant's reach for him to be "carrying" it, we do hold that when a defendant has a weapon in his immediate possession (i.e., on his body), he is "carrying" the gun within the meaning of § 924(c)(1). The defendant in this case admitted in his motion and change of plea hearing that he had the gun in his possession, and evidence exists that he was carrying it in his waist pouch. This situation is analogous to the Court's example in *Bailey* where a person would be "carrying" a gun when it is hidden in his or her clothing. Therefore, since section 924(c)(1) imposes liability for "carrying" a gun, no statutory violation occurred during the defendant's sentencing. Consequently, we will deny the defendant's motion to vacate his sentence.